

FILED

12/08/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0625

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0625

WILLIE JOHN SCHWINDT,

Petitioner,

v.

GALLATIN COUNTY JUSTICE COURT,
and THE HONORABLE BRYAN ADAMS,
PRESIDING,

Respondents.

FILED

DEC 08 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Willie John Schwindt, via counsel, seeks a writ of supervisory control over the Gallatin County Justice Court to reverse that court's Order Granting Leave to File Amended Complaint in Cause No. TK-21-3238. Schwindt maintains that the court erred in granting the State's motion to amend its complaint less than five days before trial.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

This matter is currently set for trial on December 9, 2021, and although counsel neither filed this writ as an emergency writ nor requested a stay of proceedings in the lower court, this Court sees the need to resolve this matter with some urgency. Having reviewed

Schwindt's petition and exhibits, we have determined to summarily deny the petition.

As set forth above, supervisory control is an extraordinary remedy. It is not to be used as a means to circumvent the appeal process. In this instance, Schwindt asserts that the Justice Court's ruling is "likely to evade review . . . because an appeal *de novo* after trial would be unable to address the present issue." Schwindt provides no authority or explanation as to why he believes this ruling is not appealable. He has thus not demonstrated that his remedy on appeal would be inadequate.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Gallatin County Justice Court, Cause No. TK-21-3238, and the Honorable Bryan Adams, presiding.

DATED this 8th day of December, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2